```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GREGORY BOU,<br><br>            Plaintiff,<br><br>       v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>            Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-6356<br>           (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

PATRICK GECKLE LLC
By: Maureen Reynolds O'Connor, Esq.
1835 Walnut Street, Suite 2300
Philadelphia, PA 19103
     Counsel for Plaintiff

OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
By: Roshan Deven Shah, Deputy Attorney General
RJ Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
     Counsel for Defendants

**IRENAS**, Senior District Judge:

   Plaintiff initiated this action to recover for injuries sustained when two New Jersey State Troopers attempted to take him to the hospital following a 911 call from Plaintiff's school nurse.[1]  Pending before the Court is Defendants' Motion to Dismiss Plaintiff's claims under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation

---

   [1] This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

1

Act of 1973 ("RA").

## I.

On November 18, 2009, Troopers Michael DePinto and Charles Hurley responded to a 911 call from school nurse Terri Land ("Nurse Land") at the Sequoia Alternative Program ("Sequoia"). (Amended Compl. ¶¶ 15, 17, 19.)  The call was made after Plaintiff Bou, a Sequoia student, reported to Nurse Land that he was not feeling well because he took too much medication. (*Id.* ¶ 15.)  The Complaint alleges that Nurse Land was aware that Plaintiff suffers from bipolar disorder and major depression with psychotic features, and that he had received treatment for his mental illness at Hampton Hospital. (*Id.* ¶¶ 9, 11.)  Nurse Land contacted Plaintiff's mother and his physicians, who instructed her to call 911.  (*Id.* ¶¶ 9, 11.)

Upon arrival, the Troopers spoke to Nurse Land privately behind closed doors, while Plaintiff sat outside the office wearing headphones, and talking to two Sequoia employees and his cousin via cell phone.  (*Id.* ¶¶ 18-20.)  After the Troopers spoke with Nurse Land, they approached Plaintiff and told him he was going to the hospital.  (*Id.* ¶ 21.)  The Troopers said nothing else to Plaintiff except that he was going to the hospital. (*Id.*)

Plaintiff became apprehensive and called his mother to see if she could take him to the hospital.  (*Id.* ¶ 23.)  When

Plaintiff's mother told him she was unable to take him, Plaintiff became upset and threw his phone on the floor. (*Id.*) At this point, the Troopers "assaulted Plaintiff without first trying to talk to him or calm him down." (*Id.* ¶ 28.) According to the Complaint, the Troopers "grabbed Plaintiff out of his seat and placed Plaintiff in a headlock, causing Plaintiff to choke. [The Troopers] then proceeded to smash Plaintiff's head and face to the ground." (*Id.* ¶ 29.)

Plaintiff was then handcuffed on the ground and placed in a police vehicle until an ambulance arrived, whereupon he was taken to the emergency room at Virtua Hospital. (*Id.* ¶¶ 33-34.) Plaintiff's injuries included "severe swelling and bruising over his left lateral orbit and abrasions on his neck." (*Id.* ¶ 35.)

Plaintiff filed his initial Complaint on October 31, 2011. On February 29, 2012, Defendants filed a Motion to Dismiss the Complaint. On March 12, 2012, Plaintiff amended his Complaint and dropped his claims against the New Jersey State Police pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, as well as corresponding state common law claims. On March 27, 2012, Defendants filed a Motion to Dismiss the claims pursuant to Title II of the ADA and Section 504 of the RA asserted against the New Jersey State Police and the individual Troopers in the Amended Complaint.

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits

4

attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

In Count Two of the Amended Complaint, Plaintiff alleges that Defendants violated § 504 of the RA and Title II of the ADA. The essence of these claims is that "Plaintiff was denied the benefit of the lawful exercise of police power when, as a result of [the New Jersey State Police's] failure to train their officers on how to handle mentally ill persons, the Troopers used excessive force on Plaintiff."  (Pl's Opp. at 10.)  Defendants move to dismiss these claims arguing that Plaintiff has failed to allege facts regarding (1) the New Jersey State Police's alleged failure to maintain practices and policies for dealing with mentally ill persons and (2) the individual Troopers' knowledge of Plaintiff's mental illness.[2]

---

[2] Defendants move to dismiss the RA and ADA claims against the individual Troopers, arguing that these statutes do not provide for liability against individual defendants.  The Third Circuit has held that "[s]uits may be brought pursuant to Section 504 [of the RA] against recipients of federal financial assistance, but not against individuals." *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007).  Although the Third

Section 504 of the RA provides in pertinent part "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).  Similarly, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Although the ADA does not define "programs, services or activities," the RA provides that "'program or activity' means all of the

---

Circuit has not addressed individual liability under Title II of the ADA, *see Mutschler v. SCI Albion CHCA Health Care*, 445 Fed. Appx. 617, 621 n.6 (3d Cir. Sept. 27, 2011), the Second, Seventh and Eighth Circuits have held that Title II of the ADA also does not provide for individual capacity suits against state officials.  *See Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001)(collecting cases); *see also Calloway v. Boro of Glassboro Dept. of Police*, 89 F.Supp. 2d 543, 557 (D.N.J. 2000)(holding that individual defendants cannot be held liable under Title II of the ADA).  However, the Amended Complaint only asserts claims pursuant to § 504 of the RA and Title II of the ADA against Defendants DePinto and Hurley in their official capacities.  Because claims against state officials in their official capacity are in essence suits against the state itself, the Court will treat Plaintiff's claims against Troopers DePinto and Hurley in their official capacities as suits against New Jersey and the New Jersey State Police.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991)("Suits against state officials in their official capacity . . . should be treated as suits against the state.").

operations of . . . a department, agency . . . or other instrumentality of a State or of a local government[.]"  29 U.S.C. § 794(b)(1)(A).

To state a claim for a violation of either § 504 of the RA or Title II of the ADA, the plaintiff must show that (1) he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Morais v. City of Philadelphia*, 2007 WL 853811, at *10 (E.D. Pa. March 29, 2007); *see also Helen L. V. DiDario*, 46 F.3d 325, 330 n.7 (3d Cir. 1995)("The law developed under Section 504 of the Rehabilitation Act is applicable to Title II of the ADA.")(citing *Easley v. Snider*, 36 F.3d 297 (3d Cir. 1994); 28 C.F.R. § 35.103).

Viewing the Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to allege sufficient facts to state a claim for relief under either § 504 of the RA or Title II of the ADA for two reasons.  First, Plaintiff has not alleged sufficient facts to demonstrate that the Troopers were aware that Plaintiff was disabled.  Although the Amended Complaint alleges that the Troopers had a conversation with Nurse Land upon arriving at Sequoia, there is

7

no allegation that the Troopers were informed by Nurse Land or otherwise aware that Plaintiff had a disability.  Second, Plaintiff has not sufficiently pled that the alleged denial of benefits was by reason of Plaintiff's disability.  In essence, Plaintiff argues that the Troopers overreacted to Plaintiff's disorderly conduct, which was a symptom of his mental illness.  However, in the absence of any allegation that the Troopers were aware of Plaintiff's disability, there can be no reasonable inference that the Troopers use of force was by reason of Plaintiff's disability and not by reason of his disorderly conduct.  Accordingly, Defendants' Motion to Dismiss the claims pursuant to Title II of the ADA and Section 504 of the RA will be granted.

**IV.**

For the reasons stated above, Defendants' Motion to Dismiss Count Two of the Amended Complaint will be granted.  Plaintiff will be granted leave to file a motion to amend the Complaint within 30 days of this Opinion.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)(holding that district courts "must permit a curative amendment unless such an amendment would be inequitable or futile.").  An appropriate Order accompanies this Opinion.

Dated:  May  7 , 2012

                                                s/Joseph E. Irenas
                                        **JOSEPH E. IRENAS, S.U.S.D.J.**